UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

D-1 EUGENE GIZZARELLI,

Defendant.
_______________________________/

**HON. MARIANNE O. BATTANI**

**NO. 10-20416**

**OFFENSE:** 18 U.S.C. §2252A(a)(5) - possession of child pornography

**MAXIMUM PENALTY:** 10 years

**MANDATORY MINIMUM SUPERVISED RELEASE**: 5 years (18 U.S.C. §3583(k))

**MAXIMUM SUPERVISED RELEASE**: life

**MAXIMUM FINE:** $250,000

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Barbara L. McQuade, United States Attorney, and Erin S. Shaw, Assistant United States Attorney, respectfully submits this Sentencing Memorandum regarding defendant Eugene Gizzarelli, who is scheduled to be sentenced on August 12, 2011 at 3:00 p.m.

Although this defendant distributed child pornography to an undercover law enforcement officer and received 40+ movies depicting the sexual exploitation and brutal rape of children over the Internet, the government exercised its prosecutorial discretion in allowing him to plead to the lesser offense of possession. He has already received a significant benefit in this case given this charging decision. Accordingly, and as set forth in further detail below, the United States recommends a custodial sentence of 60 months.

## I. BACKGROUND

### A. Defendant Collects and Repeatedly Watches Over 40 Child Pornography Movies While His Family Vacations in Europe.

In May 2008, an undercover officer with the ICAC (Internet Crimes Against Children) Task Force looking for peer-to-peer child pornography distributors identified 22 shared videos with titles indicative of child pornography from an IP address that ultimately resolved to Gizzarelli's house in Bloomfield Hills. The officer downloaded a video of child pornography from the Vicky series – arguably the most prolific series in the US – from Gizzarelli. The video downloaded is 15 minutes long and depicts a naked girl in a bedroom; next she is in a bondage scene with ties on her hands and her legs and feet tied to her neck, wearing a bondage mask; she performs oral sex on an adult male; she has intercourse with an adult male.[1]

Following execution of a federal search warrant at the Gizzarelli home on July 14, 2008, agents recovered a Compaq laptop in the master bedroom and a Toshiba laptop in the den / home office. Forensic review revealed that the Compaq laptop in the master bedroom contained the Vicky video downloaded by the ICAC officer in May, as well as 42 more child exploitation videos stored in the shared file that had been created on the computer on various dates from April 21 to July 8, 2008. Investigation further revealed that in May, Gizzarelli was home alone while his wife, son and daughter were in Europe, and that he downloaded and watched numerous child exploitation videos while his family

[1] Still screen shots of this video and others from Gizzarelli's collection will be available for examination by the Court at the sentencing hearing.

was out of town. His download of another 44 videos was "incomplete" (i.e., transmission was interrupted or otherwise unsuccessful), for an intended total download of 80+ videos.

The child pornography collection stored on Gizzarelli's computer included images that depict violent rape and sexual exploitation of prepubescent boys and girls, including sessions of oral and vaginal sex with other children and adults. One video, titled "bathtime with daddy - 3y" depicts a little girl well under the age of 5.

A forensic exam on the Toshiba computer found in the den was also conducted. An overwritten Windows system revealed over 30 visits to various websites with titles indicative of child pornography, associated with user "GGIZ," from May to November 2007. The existing Linux system contained one remaining image of child pornography image, in the file location "gene\Pictures\Empty\rearend" and other deleted CP images that were in unallocated space (i.e., had been deleted).

**B. Gizzarelli's Unsatisfactory Explanations**.

Through counsel, Gizzarelli offered several explanations during the investigation and after indictment to attempt to minimize his responsibility. At the outset, with counsel other than Mr. Crandall, the government was directed to a computer repair person who did some work on Gizzarelli's laptop. Next, Gizzarelli claimed that he was actually looking for adult material and got the child pornography by mistake. The Toshiba evidence, however, shows that he had a history of directly searching for images of children since at least May 2007, and that this was no accident. Finally, when Gizzarelli claimed that he did not even know that these videos were stored on his computer, the forensic analysis showed that he

accessed the saved files long after they were originally created, such that he had to know they were saved.

### C. Negotiation of the Plea Agreement

The parties negotiated a unique plea agreement, in which defendant would plead guilty to possession of child pornography instead of receipt. Although possession does not carry a mandatory minimum sentence, the parties negotiated their own floor. The best sentence that Gizzarelli can get under that agreement is a term of probation with many conditions, including an initial period at a halfway house, followed by another period of home confinement with strict curfew, several years of supervised release and a $50,000 payment to the National Center for Missed and Exploited Children. See Rule 11 Agreement at ¶3A. At all times, the government's position has been that a custodial sentence at a federal penitentiary for Gizzarelli is warranted.

## II. GUIDELINE CALCULATIONS AND RELEVANT §3553(a) FACTORS

Gizzarelli's sentencing memorandum focuses on the history and characteristics of the defendant and avoiding unwarranted sentencing disparities, while glossing past the nature of the offense, seriousness of the offense, and just punishment factors. The government's analysis of the totality of the §3553(a) factors follows.

### A. §3553(a)(4): Advisory Guideline Range

The United States and Probation agree that the guideline range is 97 to 121 months. Defendant believes that the guideline range is 78 to 97 months and objects to the inclusion of two points for distribution in the calculation of his total offense level.

There is ample evidence, sufficient to meet the preponderance standard applicable at sentencing, that defendant distributed child pornography to the undercover officer, as detailed in the PSR at ¶7 and in the Rule 11 Agreement at page 2 (Relevant Conduct).

**B. §3553(a)(1): Nature of the Offense and History and Characteristics of the Defendant**

The nature of the offense and some telling features about defendant's character are described in detail above. Gizzarelli is the kind of child pornography defendant who leads a double life. To the outside world, he is the pillar of society – family man, businessman, country club Board member. But when the family is away for an extended period, and when he is all alone, another side comes out – the private side. In the spring of 2008 when his family was in Europe, Gizzarelli spend his hours viewing and downloading videos of little girls being brutalized and raped. He is a father too – but this was no deterrent. He claims he was "just curious" and had a "lack of knowledge of the law." Def Sent. Mem. at 6. The reality is that he began trolling the Internet for this abhorrent material long over a year before the Europe trip. This was not a one-time event for Mr. Gizzarelli.

**C. §3553(a)(2)(A): Seriousness of the Offense, Promoting Respect for Law, and Providing Just Punishment**

Child exploitation offenses are undeniably serious. They involve our most vulnerable victims – innocent children.

> It should be beyond dispute that child pornography is a very serious offense. There are very real and serious harms resulting from child pornography. The necessity of strong condemnation of such behavior is also indisputable. General deterrence is a compelling factor in such cases. Child pornography is behavior that takes place in the privacy of one's home or business, as in

> this case. That makes it very hard to detect and because of this inherent difficulty also makes it very difficult to deter. No one can make light of the seriousness of the crime. Both Congress and the Sentencing Commission have reached this determination. An appropriate sentence must reflect the seriousness of child pornography.

United States v. McElheney, 524 F. Supp. 2d 983, 1003 (E. D. Tenn. 2007).

Promotion of respect for the law is also important. Here, defendant points to a "lack of knowledge of the law" as a reason for his actions. He is someone who is sorry that he got caught - not for what he did.

Above all else, providing just punishment is one of the most critical factors to the young victims and their families. A sentence of probation does nothing to bring them comfort or help them to move forward. In this case 16 victims have been identified by NCMEC. Two have provided Victim Impact Statements. One is Vicky – the victim from the video that Gizzarelli sent to the undercover officer. She writes:

> I am a victim of the worst kind of exploitation: child porn. Unlike other forms of exploitation, this one is never ending. Everyday people are trading and sharing videos of me as a little girl being raped in the most sadistic ways. They don't know me, but they have seen every part of me. They are being entertained by my shame and pain.
>
> ***
>
> Because the most intimate parts of me are being viewed by thousands of strangers and traded around, I feel out of control. They are trading my trauma around like treats at a party, but it is far from innocent. It feels like I am being raped by each and every one of them.

***

> I wish I could one day feel completely safe, but as long as these images are out there, I never will. Every time they are downloaded I am exploited again, my privacy is breached, and my life feels less and less safe. I will never be able to have control over who sees me raped as a child, It's all out there for the world to see and it can never be removed from the internet.

Ex. A.

Another little girl's mother writes:

> The production of these videos/pictures was abhorrent and I feel that she has suffered immensely over this but anyone who views these pictures and/or videos should be held just as accountable because he or she is exploiting an innocent child. These people have no concern for the trauma they are causing this young child now and in the future.

Ex. B.

There is no question that Gizzarelli's actions have had and will have negative collateral consequences for his family – but the children identified by NCMEC are the real victims in this case. In addition, given the vast number of talented executives out of work in the Detroit area, it defies logic that this defendant is the only person able to guide Avon Plastics. Just punishment for these exploited and brutalized victims should not be cast aside in favor of his family and job obligations.

**D. §3553(a)(2)(B) & (C): Deterrence and Protecting the Public**

Deterrence is a particularly relevant consideration in child pornography cases, where most cases take place in private, making them easy to commit and difficult to detect. Under such circumstances, deterrence is important to combat the normalization that occurs when offenders "may think that because they are on the Internet in their home that they are doing something that is innocent." United States v. Kirchhof, 505 F.3d 409, 415 (6th Cir.

2007). Anyone who seeks to exploit children should be deterred by the continued imposition of significant sentences for such conduct.

In addition to general deterrence, this is a case where defendant must also be deterred and the public protected from his further crimes. His own conduct – first in 2007, followed by his return to child pornography in 2008 – demonstrates that he is already a repeat child pornography offender.

**E. §3553(a)(2)(D): Defendant's Need for Treatment**

While incarcerated, defendant will have the opportunity to participate in continued, needed, sex offender therapy.

**F. §3553(a)(6): Avoiding Unwarranted Sentencing Disparities**

Probation is reserved for the lowest offenders. Defendant simply is not in that category. To the contrary, defendants in other cases who have demonstrated more remorse, requested counseling help, and taken absolute responsibility for their actions have been subject to a 5-year mandatory minimum.

Gizzarelli has already received a significant benefit given the government's charging decision. Moreover, the government is requesting a sentence of 60 months – the same as the mandatory minimum for receipt. This is half of the guideline range. He is not deserving of any additional benefit.

## III. GOVERNMENT'S RECOMMENDATION AND CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that defendant be sentenced to the custody of the Bureau of Prisons for a term of 60 months,

followed by a term of 5 years supervised release. Given Gizzarelli's vast financial resources (see PSR at ¶¶60 (identifying over $2.3 million in assets), the government is also requesting a fine.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

*s/ Erin S. Shaw*
ERIN S. SHAW
Assistant United States Attorney
211 West Fort Street
Detroit, MI 48226
(313) 226-9182
erin.shaw@usdoj.gov

Dated: August 11, 2011